UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOISES BAUTISTA, | ) | No. CV 17-6004 RGK (FFM) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED AS UNTIMELY |
| WARDEN RAYMOND MADDEN, | ) ) ) | |
| Respondent. | ) ) | |

On August 8, 2017, petitioner Moises Bautista ("petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The petition challenges petitioner's 2014 conviction in the Superior Court of Los Angeles County for various crimes.

///
///
///

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). While no proof of service is attached to the petition, the outside of the envelope in which the petition was filed bears a notation seemingly indicating that the petition was received by prison authorities on August 8, 2017.

1.  **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Because petitioner has not provided any basis to find otherwise, the Court presumes that Section 2244(d)(1)(A), which governs the start date in most habeas cases, applies here. Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The California Supreme Court denied petitioner's petition for review on June 17, 2015.[2] Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction became final on September 15, 2015, ninety days after the California

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

Supreme Court affirmed his conviction. Accordingly, the one-year limitations period was set to expire on September 14, 2016. *See Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until August 8, 2017, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1).

**2. STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, petitioner admits he has never filed a state habeas petition. Accordingly, he is not entitled to any statutory tolling and the petition is untimely unless he is entitled to almost one year of equitable tolling.

**3. EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner argues[3] that he is entitled to equitable tolling because: (1) his counsel failed to timely send petitioner his "papers" and (2) when counsel did

---

[3] Petitioner's contentions regarding equitable tolling are set forth in a document, filed concurrently with the petition, entitled "Motion to Show Cause As to Time Filed Writ of Habeas Corpus." (Dkt. 2.)

3

send him the papers, he sent them as standard prison mail rather than prison legal mail.

A lawyer's failure to send a petitioner their legal materials can constitute extraordinary circumstances that warrant equitable tolling. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005). However, even if a petitioner's counsel did not timely send the petitioner any materials, the petitioner is not relieved of his obligation to show a causal relationship between counsel's failure and the untimely filing of the petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

At this point, petitioner has not demonstrated that his attorney's failure to timely mail petitioner's "papers" prevented him from filing a timely petition. First, and perhaps most critically, petitioner has not explained why he needed the materials in his attorney's possession in order to file the petition. Indeed, petitioner does not define the term "papers" (i.e. whether they are trial transcripts, prior filings, etc.), leaving the Court to guess about the materials' usefulness or necessity. Additionally, petitioner admits that his lawyer did mail him his documents, but that the mailing was untimely. However, petitioner does not state when received the materials from his attorney. Moreover, although petitioner purports to have attached a copy of the envelope in which his attorney sent the "papers," no such copy is attached to the petition. Without knowing when petitioner received the materials from his attorney, the Court cannot evaluate petitioner's claim that he received his "papers" too late to effectively file a timely petition. For these reasons, the Court finds that petitioner has not shown that he is entitled to equitable tolling at this time.

**4. ORDER TO SHOW CAUSE**

Under the allegations and facts of the petition, petitioner has not demonstrated that he is entitled to a later start date of the limitations period.

4

Therefore, and because the petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders petitioner to show cause in writing within thirty (30) days of the date of this order why the petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: October 4, 2017

                                                    /S/ FREDERICK F. MUMM
                                                     FREDERICK F. MUMM
                                              United States Magistrate Judge