UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES BAUTISTA, | CASE NO. CV 17-6004 RGK (FFM) |
| Petitioner, | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| WARDEN RAYMOND MADDEN, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, relevant pleadings, the Report and Recommendation of United States Magistrate Judge and Petitioner's objections thereto (as set forth in Petitioner's "Motion to Show Cause Why the Petition Should Not Be Dismissed as Untimely" (Docket No. 14)). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

Many of the arguments that Petitioner makes in his objections are sufficiently addressed in the magistrate judge's Report. One of his arguments, however, warrants further discussion. As he did in his response to the magistrate judge's order to show cause, Petitioner asserts that equitable tolling is warranted because he has a limited ability to understand English. But in his objections, Petitioner, for the first time, alleges that he could not seek assistance in challenging his conviction from any

English-speaking prison inmates because he was convicted of committing sexual misconduct against minors.  According to Petitioner, an inmate who commits such crimes cannot reveal the nature of his conviction to other inmates because doing so places the inmate at risk of physical attacks from his fellow inmates.  As such, Petitioner maintains that his limited ability to speak English excuses his failure to file a timely federal habeas petition because, under his unique circumstances, it actually prevented him from complying with the one-year AEDPA limitations period.

As the magistrate judge noted in his Report and Recommendation, there is no *per se* rule that a petitioner's language limitations justifies equitable tolling.  *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006).  Nevertheless, the Ninth Circuit has recognized that equitable tolling "may be justified if language barriers actually prevent timely filing." *Id.*  In order to obtain equitable tolling based on a language barrier, the "non-English-speaking petitioner . . . must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070; *see also Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language difficulty").

Here, Petitioner has failed to make the requisite showing to justify equitable tolling.  Although he claims that he could not seek assistance from his fellow inmates because he feared retaliation based on the nature of his crimes, he offers no evidence to substantiate this claim, nor has he provided any evidence of specific (or even general) threats of abuse directed at him for his crimes.  Rather, he simply alleges that inmates who commit crimes like those of which Petitioner was convicted face danger if their crimes are revealed.  Faced with similar unsubstantiated allegations of fear of attack from other inmates, courts routinely have denied equitable tolling.  *See*, *e.g.*, *Hernandez v. Miller*, 2014 WL3055722, *5 (C.D. Cal. July 2, 2014) (denying

equitable tolling to petitioner who alleged he feared attack from inmates based on his conviction for sexual misconduct against child because petitioner offered no evidence to support allegation); *Sosa v. Barnes*, 2013 WL 5935628, \*4 (C.D. Cal. Nov. 2, 2013) (explaining that "generalized assertion" that petitioner feared for safety did not entitle him to equitable tolling when he offered "no evidence of any specific attacks or threats on his life"); *Rosenblum v. Yates*, 2011 WL 590750, \*3 (E.D. Cal. Feb. 10, 2011) (denying equitable tolling where petitioner "merely made a generalized allegation that his fear of retaliation made him delay in filing the petition"); *Flores v. Hedgpeth*, 2008 WL 4196629, \*7-8 (C.D. Cal. Sept. 10, 2008) (rejecting equitable tolling for vague and conclusory claims of fear of attacks by inmates); *see also United States v. Ferguson*, 2007 WL 1624451, \*2 (N.D. Cal. June 4, 2007) (holding that defendant's "vague statement regarding fear of danger" was insufficient to excuse his delay in timely filing motion to vacate, set aside, or correct his sentence).

Moreover, accepting Petitioner's unsubstantiated claim of fear would set a dangerous precedent. Indeed, such a result could have wide-ranging implications, given the relatively large number of male prisoners convicted of committing sexual misconduct against minors. Allowing equitable tolling under the evidence presented here would, effectively, render the AEDPA limitations period inapplicable to non-English speaking inmates, or inmates with either low literacy levels or non-severe mental impairments, who are convicted of committing sexual misconduct against a minor. Such a result would run counter to the goals of the AEDPA. Accordingly, the Court is reluctant to find that equitable tolling is warranted whenever a male inmate conclusorily alleges that he fears retaliation from other inmates based solely on the fact that he was convicted of committing sexual misconduct against a minor.

///

///

///

///

* * *

In sum, Petitioner's objections are not meritorious.  The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.


DATED: October 15, 2018

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE